# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:05CR4

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| SUZIE MICHELLE SMITH HUSKINS (1), ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's "Notice of Appeal and Motion for Revocation and Stay of the Magistrate's Order," filed January 2, 2006.

On January 25, 2005, Defendant was charged by way of a Bill of Indictment with conspiracy to manufacture and possession with intent to distribute methamphetamine (Count One), and unlawfully possessing pseudoephedrine with intent to manufacture methamphetamine, and aiding and abetting the same (Counts Five, Seven, and Eight), in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 2. United States Magistrate Judge David Keesler presided over Defendant's original detention hearing on February 7, 2005. At the conclusion of the hearing, Defendant was ordered detained. Subsequently, on July 12, 2005, Defendant pled guilty to Count One and was released by Magistrate Judge Carl Horn on a $25,000 unsecured bond with pretrial supervision to include a curfew with electronic monitoring.

On December 15, 2005, the Government filed a Bond Violation Report, advising the Court that Defendant violated the terms of her bond by: (1) testing positive for marijuana on July 13, 2005; (2) testing positive for methamphetamine on November 17, 2005; and (3) admitting to using methamphetamine in a signed Voluntary Admission Statement on December 8, 2005. A

summons was issued by Magistrate Judge Horn on December 9, 2005.

Defendant appeared before Magistrate Judge Horn on December 28, 2005, at which time the Government asked the Court to withdraw Defendant's bond and detain her immediately. In response, Defendant argued that her use of drugs was a result of moving out of her mother's house and living on her own, where she was visited by individuals who would provide her with drugs. Defendant further advised the Court that drug treatment alone was insufficient and asked the Court to order mental health treatment.

At the conclusion of the hearing, Magistrate Judge Horn denied the Government's Motion for Revocation. The Magistrate Judge concluded that the fact that Defendant had successfully lived with her mother from July to November and intended to move back in with her mother were all sufficient factors to allow Defendant to remain on bond. Magistrate Judge Horn released Defendant upon the conditions that Defendant reside with her mother on electronic monitoring and enter both drug and mental health treatment. Magistrate Judge Horn further ordered Defendant released on a "zero tolerance" policy and advised Defendant that one positive drug test would result in immediate revocation of her bond. The Government opposes this release and moves for an Order of Revocation of the Magistrate Judge's Order of Release.

This Court reviews *de novo* the Magistrate Judge's detention order. *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the hearing before Magistrate Judge Horn, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –
  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court declines to accept the Magistrate Judge's finding that bond is appropriate. First, bond is inappropriate based on the narcotic charges against Defendant, which includes the manufacture of methamphetamine. Moreover, bond is inappropriate based on Defendant's continued usage of methamphetamine and her history of drug and alcohol abuse. Although the Magistrate Judge imposed a "zero tolerance" policy when permitting Defendant to remain on bond, this Court notes that Defendant's initial release was also conditioned on her non-use of illegal substances. Defendant did not adhere to that condition.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond reasonably will assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's "Notice of Appeal and Motion for Revocation of Magistrate's Order" is hereby **GRANTED**. Accordingly, the Order of Magistrate Judge Horn authorizing release is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Defendant be **DETAINED** pending further order of this Court.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

**Signed: January 3, 2006**

Richard L. Voorhees
United States District Judge